IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>          Plaintiff,<br><br>     vs.<br><br>KAUAI POLICE DEPARTMENT, *et al.*,<br><br>          Defendants. | CIVIL NO. 20-00546 DKW-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta")

Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C.

§ 1983.[1]  ECF No. 1.  Scaperotta alleges that the Kauai Police Department

("KPD"), State of Hawaii, "Town of Waimea/Parks Department," "Lucy Wright

Park," and "Waimea E.M.S." violated his civil rights.[2]  ECF No. 1 at PageID ##

---

[1] This is one of eight complaints Scaperotta filed between December 10, 2020 and December 11, 2020.  *See Scaperotta v. Kauai Police Dep't*, No. 20-00542 LEK-KJM (D. Haw.); *Scaperotta v. Rhue*, No. 20-00544 DKW-KJM (D. Haw.); *Scaperotta v. State of Vermont*, No. 20-00545 JMS-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00548 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00549 JMS-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00550 JMS-RT (D. Haw.); *Scaperotta v. Wagatsuma*, No. 20-00551 JAO-RT (D. Haw.).

[2] Scaperotta names all Defendants in their official capacities.  ECF No. 1 at PageID ##  1–3.  To the extent Scaperotta also names the KPD in its individual capacity, he may not do so.  *See Stubbs v. Bellevue Police Dep't*, No. C20-1459JLR, 2020 WL 738732, at *2 (W.D. Wash. Dec. 16, 2020) (explaining that police department "is a department or agency of the city . . . and

1–3.  For the following reasons, the Complaint is DISMISSED pursuant to

28 U.S.C. §§ 1915(e) and 1915A(a) with partial leave to amend.

## I. <u>SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

---

cannot be sued in its individual capacity because any claim against it constitutes a claim against
the city" (internal quotation marks omitted)); *Paddock v. Ballou*, No. 1:18-cv-00005-DCN, 2018
WL 1902678, at *2 (D. Idaho April 20, 2018) ("Except in extremely limited circumstances—
none of which are present here—a police department cannot be sued in its individual capacity
because police departments are subdivisions of municipalities such as cities or counties.").  Any
claims against the KPD in its individual capacity are DISMISSED with prejudice.

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation," falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

3

## II. <u>SCAPEROTTA'S CLAIMS</u>[3]

Scaperotta alleges in Count I that unidentified KPD officers used excessive force while transferring him to an ambulance on December 24, 2018. ECF No. 1 at PageID ## 6–7. Scaperotta claims that he had a "stroke/heart attack/panic attack" as he was being transported in a police car. *Id.* at PageID # 7. After an ambulance arrived at the scene, police officers allegedly "ripped" Scaperotta from the police car, threw him onto the ground, and then threw him onto a gurney. *Id.* Scaperotta fell off the gurney and injured his head, back, and shoulder. *Id.*

Scaperotta alleges in Count II that unidentified KPD officers retaliated against him on Easter Sunday of an unspecified year. *Id.* at PageID # 8. Scaperotta claims that police officers did not allow him to collect his camping gear from his uncle's house after his uncle had died inside. *Id.* Scaperotta further claims that police officers later told him that he could not camp in Lucy Wright Park without a permit. *Id.*

Scaperotta alleges in Count III that unnamed county officials denied him medical care on June 2, 2019. *Id.* at PageID # 9. Scaperotta claims that someone named "Isalaya" hit him from behind with a golf club. *Id.* The blow "shattered"

---

[3]Scaperotta's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Scaperotta's jaw. *Id.* Although Scaperotta claims that a 911 operator laughed at him, he acknowledges that he was flown by helicopter to Oahu for medical care. *Id.*

Scaperotta alleges in Count IV that unidentified KPD officers used excessive force against him in May 2019. *Id.* at PageID # 10. Scaperotta claims that he was meeting with a pastor in Hofgaard Park when two officers approached them, told them to stand up, and accused them of being "drunk and disorderly." *Id.*

Scaperotta alleges in Count V that unnamed KPD officers retaliated against him. *Id.* at PageID # 11. Specifically, he claims that his calls to the police after four alleged assaults fell on "deaf ears." *Id.*

Scaperotta also alleges in Count VI that unidentified KPD officers retaliated against him by arresting him after he called 911 to report an assault on an unspecified date. *Id.* at PageID # 12.

Scaperotta alleges in Count VII that the "police" did not allow him to enter his uncle's house after he had died inside. *Id.* at PageID # 13. Scaperotta further claims that the police did not help him after his truck was stolen. *Id.*

Scaperotta seeks $3 billion in compensatory damages, $10 million in "nominal and punitive" damages, $15 billion in "personal injury" damages,

unspecified injunctive relief, an "out of court settlement," and a "letter of apology."  ECF No. 1 at PageID # 14.

## III.  DISCUSSION

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  ""A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.""  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.      Eleventh Amendment Immunity**

Scaperotta names the State of Hawaii as a Defendant.  ECF No. 1 at PageID # 2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the State of Hawaii are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)); *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999) ("The Eleventh

Amendment bars suits against a state or its agencies, regardless of the relief sought[.]").

## C.    Municipal Liability

Scaperotta also names in their official capacities the KPD, "Town of Waimea/Parks Department," "Lucy Wright Park," and "Waimea E.M.S." ECF No. 1 at PageID ## 1–3. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Here, it appears that the real party in interest is the County of Kauai. *See Gomes v. County of Kauai*, No. 20-00189 JMS-WRP, 2020 WL 5097835, at *5 (D. Haw. Aug. 26, 2020) (stating that claims against a county's police department are treated as claims against the municipality).

There is no respondeat superior liability under § 1983. Thus, a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

To state such a claim, a plaintiff must allege either that (1) a particular municipal action itself violates federal law, or directs an employee to do so; or (2) the municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). When a plaintiff pursues liability based on a failure to act, he or she must allege that the municipality exhibited deliberate indifference to the violation of his or her federally protected rights. *Id.* "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (internal quotation marks and citation omitted).

Although Scaperotta claims that: (1) unidentified police officers used excessive force, ECF No. 1 at PageID ## 7, 10 (Counts I, IV); (2) unnamed police officers retaliated against him, *id.* at PageID ## 8, 11, 12 (Counts II, V, VI); (3) county officials denied him medical care, *id.* at PageID # 9 (Count III); and (4) unidentified police officers threatened his safety, *id.* at PageID # 13 (Count VII), these claims fail at the starting gate because Scaperotta has not plausibly alleged that any Defendant acted pursuant to a county policy or custom. *See Nakakura v. City & Cnty. of Honolulu*, No. 19-cv-00320-DKW-KJM, 2020 WL 1963786, at *3 (Apr. 23, 2020) (dismissing municipal liability claims where plaintiff did not "even attempt to identify a specific policy or custom or allege how the same caused an

officer to violate a constitutional right"); *Flores v. City & Cnty. of Honolulu*, No. 19-cv-329-DKW-WRP, 2019 WL 5848058, at *5 6 (D. Haw. Nov. 7, 2019) (concluding that plaintiff "failed to allege facts regarding a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (internal quotation marks and citation omitted)).  Scaperotta's claims against the KPD, "Town of Waimea/Parks Dept," Lucy Wright Park, and "Waimea E.M.S." are DISMISSED with leave to amend.

## D.   Doe Defendants

Scaperotta alleges that various unidentified county officials, who are not named as Defendants, violated his civil rights.  ECF No. 1 at PageID ## 6–13.  If Scaperotta decides to file an amended pleading and includes a claim against these unknown officials in their individual capacities, he is notified that Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties sued in the action. The use of doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights.  If the plaintiff does so, he

may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642). Assuming Scaperotta decides to file an amended pleading naming a doe defendant, his claims are timely, and he is able to state a colorable claim for relief, Scaperotta is NOTIFIED that any amended pleading cannot be served unless he identifies by name the county officials who allegedly violated his constitutional rights.

### E.   Legal Standards

If Scaperotta decides to file an amended pleading, he must identify in each count the constitutional or other federal civil right that was allegedly violated by the Defendants. It appears that Scaperotta's excessive force claims in Counts I and IV arise under the Fourth Amendment. *See Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("All claims that law enforcement officers have used excessive force . . . in the course of an arrest must be analyzed under the Fourth Amendment[.]"). It further appears that Scaperotta's retaliation claims in Counts II, V, and VI arise under the First Amendment. *See Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990) ("[G]overnment officials in general, and police officers in particular, may not exercise their authority for personal motives,

particularly in response to real or perceived slights to their dignity."). The Complaint fails to identify the legal bases for Scaperotta's claims in Counts III and VII. Any amended pleading must do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (noting that courts "cannot be expected to fish a gold coin from a bucket of mud" (internal quotation marks omitted)). If Scaperotta chooses to file an amended pleading, he must also consider the following legal standards.

### 1. *Fourth Amendment*

The Fourth Amendment protects an individual from the use of excessive force during arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). It "requires police officers making an arrest to only use an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (internal citation and quotation omitted). "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002). "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Lolli v. County of Orange*, 351 F.3d 410,

415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 497) (internal quotation marks omitted).

### 2.   *First Amendment*

"[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987).  While an individual's critical comments may be "provocative and challenging," they are "nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* (internal quotation marks omitted).

In order to establish a claim of retaliation in violation of the First Amendment, the plaintiff must demonstrate that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity.  *See Skoog v. County of Clackamas*, 469 F.3d at 1221, 1231–32 (9th Cir. 2006).  In addition, the plaintiff must prove that the officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct.  *See Lacey v. Maricopa County*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc).

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave to amend.  Scaperotta may file an amended complaint on or before February 26, 2021 that names a proper

defendant and attempts to cure the deficiencies in his claims. Scaperotta may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint. Claims that do not properly relate to his original pleading are subject to dismissal.

Scaperotta must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928. If Scaperotta fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g). [4]

---

[4]Section 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V.  <u>CONCLUSION</u>

(1)  The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Scaperotta's claims against the Kauai Police Department in its individual capacity and the State of Hawaii are DISMISSED with prejudice.

(3)  Scaperotta's claims against the Kauai Police Department, "Town of Waimea/Parks Department," "Lucy Wright Park," and "Waimea E.M.S." are DISMISSED with leave to amend.  Scaperotta may file an amended pleading that attempts to cure the deficiencies in his claims on or before February 26, 2021.

(4)  If Scaperotta chooses to file an amended pleading, he is DIRECTED to identify in each Count the constitutional or other federal civil right that was allegedly violated.

(5)  If Scaperotta fails to timely amend his pleadings or is unable to cure the deficiencies in his claims, this suit may be AUTOMATICALLY DISMISSED without further notice.

//

//

//

//

(6)  The Clerk is DIRECTED to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

IT IS SO ORDERED.

DATED: February 3, 2021 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

*Christopher Jay Scaperotta v. Kauai Police Department, et al.*; Civil No. 20-00546 DKW-RT; **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**